**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **CHERI WILLARD** ) | |
| ) | |
| **COMPLAINANT,** ) | |
| ) | |
| v. ) | **Case No. 2:2021-cv-02538** |
| ) | |
| **ALEJANDRO MAYORKAS, ACTING SECRETARY** ) | |
| ) | |
| **RESPONDENT.** ) | |

RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW Plaintiff and hereby responds to the Order to Show Cause. Plaintiff failed to timely respond to the Motion to Dismiss because Plaintiff's counsel has had an ongoing issue with the server system in her office whereby emails are not timely received. She has had an IT person working on the issue and has changed email servers, office procedures and created redundancy in the systems to prevent this ongoing issue. She has also purchased an entirely new server and system to attempt to prevent these IT concerns. However, at this time, the new server and system is not completely functional. Plaintiff's counsel also has new staff that is working to understand and implement appropriate protocols and systems for the deadlines that come in increasingly via email. As a result, staff is now assigned to physically go online one time per week and check that no new pleadings have been filed in each case that is on file with any court. These new protocols are designed to make sure that even if a pleading does not arrive via the usual email from the courts that they are captured within the time allowed for response. As a result of these new systems and firm processes, the chance of missing deadlines has been (we hope) greatly reduced.

As for the deadlines that the Court has referenced in the Motion to Show Cause, in fact the Agency was timely served in this case. However, the return of service was not filed as it should have been due to the excusable neglect of new staff who misunderstood the necessity of filing proof of service. As for the *Hadd v. Aetna* matter, that was a leftover case from Counsel's partner. She had never briefed an ERISA matter before (and will not again). She did timely file a Motion for Extension of Time to file the briefing in the matter in that the motion was filed before the expiration of time to brief, but it was denied because any extension would have created a hardship for the defendants. After having completed the briefing, Counsel understands the hardship that a late filing of a motion for extension of time could have on opposing counsel in an ERISA matter, as it proceeds differently than other types of cases.

Plaintiff failed to timely respond to the Motion to Dismiss because she did not receive the emails from the court indicating that it had been filed and the response date was therefore not calendared. Once the Order to Show Cause issued, which came after Plaintiff's counsel had another visit from an IT professional regarding the intermittent email failures, Plaintiff was on notice of the filing. Further, processes have been put in place to prevent technological failures from impacting the ability to respond to pleadings in a timely manner. Accordingly, Plaintiff requests the Honorable Court to allow Plaintiff to file the attached Opposition to Motion to Dismiss due to excusable neglect.

Respectfully submitted,

*/s/ Rebecca M. Randles*
REBECCA M. RANDLES                KS #16832
**RANDLES MATA, LLC**
851 NW 45th Street
Suite 310
Kansas City, Missouri 64116

>(816) 931-9901
>(816) 931-0134 (FAX)
>rebecca@randlesmatalaw.com
>
>ATTORNEY FOR COMPLAINANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2022, I electronically filed a true and correct copy of this document with the Clerk of the Court for the United States District Court, District of Kansas, by using the federal eFiling System. Participants in the case who are registered users will be served by the federal eFiling System.

>*/s/ Rebecca M. Randles*
>Attorney for Complainant